UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALEXIS LISETTE WASHINGTON**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 20-3067**

**JOSEPH LOPINTO et al.**                         **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, Plaintiff Alexis Lisette Washington ("Plaintiff") alleges that false information appearing on her arrest report resulted in considerable hardship for Plaintiff.[1] Plaintiff brings suit against the State of Louisiana, Jefferson Parish Sheriff Joseph Lopinto ("Lopinto"), Jefferson Parish Sheriff's Office ("JPSO") Detective William Whittington ("Whittington"), JPSO Lieutenant Luis Munguia ("Munguia"), JPSO Deputy Canatella ("Canatella"), JPSO Sergeant Patrick Smith ("Smith"), Louisiana State Police Colonel Lamar Davis ("Davis"), Louisiana State employee Amanda Collins ("Collins"), Louisiana State employee Cindy Kilcrease ("Kilcrease"), and unnamed individual defendants (collectively, "Defendants").[2] Pending before the Court is a Motion to Dismiss filed by the State of Louisiana, Davis, Collins, and Kilcrease (collectively, "Moving Defendants").[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

---

[1] Rec. Doc. 1-1.

[2] *Id.* at 3–4.

[3] Rec. Doc. 12.

## I. Background

On November 12, 2020, Plaintiff filed a Complaint in this Court.[4] Plaintiff alleges that on or about September 30, 2015, Plaintiff was informed by her employer that she was being terminated because her background check revealed an arrest and subsequent conviction for possession of cocaine.[5] According to Plaintiff, her mother contacted the JPSO to inform them that Plaintiff's criminal history was incorrectly depicted on Plaintiff's background check.[6] Plaintiff avers that Munguia "conducted his own investigation" and confirmed that the felony conviction depicted in her background check was associated with a different individual, not Plaintiff.[7] Plaintiff asserts that Munguia told Plaintiff's mother that the problem would be "corrected immediately."[8]

Yet Plaintiff claims that she was subsequently denied occupancy in several different apartment complexes, was unable to obtain credit cards and loans, and was denied admission into nursing school due to the felony conviction remaining on her record.[9] Plaintiff alleges that she attempted to rectify the problem, for example by contacting JPSO as well as Collins and Kilcrease at the Louisiana State Police.[10] Despite these efforts, the felony conviction allegedly remained on Plaintiff's record until at least April 2020, purportedly resulting in Plaintiff being terminated from

---

[4] Rec. Doc. 1-1.

[5] *Id.* at 6.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 7–8.

a nursing internship and employment with a babysitting service.[11] Plaintiff claims that in April 2020, she learned that Plaintiff's personal information, rather than the arrested subject's personal information, was incorrectly inserted into the police report for the cocaine possession offense.[12] Plaintiff also avers that she has had numerous arrest warrants erroneously issued for her arrest based on the alleged error.[13]

Plaintiff alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 and violations of Louisiana state law.[14] Plaintiff also brings *Monell* claims and *respondeat superior* claims.[15] Plaintiff seeks damages.[16]

## II. Parties' Arguments

### A. *Moving Defendants' Motion to Dismiss*

In the instant motion, Moving Defendants argue that all claims against the State of Louisiana and all claims against Davis in his official capacity must be dismissed based on the Eleventh Amendment's grant of sovereign immunity.[17] Moving Defendants also argue that to the extent Plaintiff alleges claims against Collins and Kilcrease in their official capacities, these claims must be dismissed pursuant to the Eleventh Amendment.[18]

Furthermore, Moving Defendants contend that all claims against Collins and Kilcrease

---

[11] *Id.* at 8–9.

[12] *Id.* at 10.

[13] *Id.* at 11.

[14] *Id.* at 11–14.

[15] *Id.* at 14.

[16] *Id.* at 16.

[17] Rec. Doc. 12-1 at 1–2.

[18] *Id.* at 2.

in their individual capacities should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[19] According to Moving Defendants, Plaintiff fails to state any claim under the Fourteenth Amendment against Collins and Kilcrease because Plaintiff "identifies no property interest of which she was deprived by Collins or Kilcrease" and "identifies no process that was due from Collins or Kilcrease."[20] In the alternative, Moving Defendants contend that Collins and Kilcrease are entitled to qualified immunity from Plaintiff's Section 1983 claims against them in their individual capacities.[21] Moving Defendants also argue that Plaintiff states no viable claim against Collins or Kilcrease under the Fifth Amendment because Collins and Kilcrease are not federal employees.[22]

Regarding Plaintiff's state law claims, Moving Defendants argue that Plaintiff's state law claims against Collins and Kilcrease should be dismissed because the Complaint does not identify a specific duty that Collins and Kilcrease owed to Plaintiff.[23] For these reasons, Moving Defendants aver that all claims against them in the instant lawsuit should be dismissed.

### B.    *Plaintiff's Opposition to Moving Defendants' Motion to Dismiss*

In opposition to the instant motion to dismiss, Plaintiff argues that the Complaint adequately states a claim under the Fourteenth Amendment against Moving Defendants because Plaintiff "had a property interest in attending school, gaining employment, amongst other things."[24] Plaintiff contends that her due process rights were violated because: (1) Plaintiff was

---

[19] *Id.*

[20] *Id.* at 6–8.

[21] *Id.* at 8–9.

[22] *Id.* at 10.

[23] *Id.* at 10–11.

[24] Rec. Doc. 13 at 4.

not given notice that a felony conviction appeared on her criminal record, and (2) Plaintiff was put in contact with Kilcrease by Collins and Kilcrease informed Plaintiff that Kilcrease was "tasked with the responsibility of receiving the correction forms and making the necessary corrections" to Plaintiff's criminal record.[25] In addition, Plaintiff argues that Collins and Kilcrease are not entitled to qualified immunity because they were aware of Plaintiff's inaccurate criminal record and the resulting constitutional violations.[26]

Regarding the state law claims, Plaintiff contends that the Complaint adequately alleges state law claims because Collins and Kilcrease owed a duty to the Plaintiff to "cease/prevent the continuous violation from reoccurring."[27] According to Plaintiff, Collins and Kilcrease could have fulfilled this duty by notifying their supervisors of the issue or contacting JPSO but Collins and Kilcrease did not do so and therefore breached their duty to Plaintiff.[28]

C.  *Moving Defendants' Reply in Further Support of Motion to Dismiss*

In reply, Moving Defendants argue that Plaintiff did not have a constitutionally protected property interest in maintaining her employment.[29] Moving Defendants also aver that Plaintiff provides no support for her assertion that Collins or Kilcrease were legally obligated to provide due process to Plaintiff.[30] In addition, Moving Defendants assert that Plaintiff offers only conclusory allegations in support of her state law claims against Moving Defendants.[31]

---

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.* at 6–7.

[28] *Id.* at 7.

[29] Rec. Doc. 16 at 2–3.

[30] *Id.* at 3.

[31] *Id.* at 4.

### **III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[32] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[33] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[34]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[35] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[36] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[37]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[38] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[39] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[40] If the factual

---

[32] Fed. R. Civ. P. 12(b)(6).

[33] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[35] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[36] *Iqbal*, 556 U.S. at 678.

[37] *Id.*

[38] *Id.* at 677–78.

[39] *Id.* at 679.

[40] *Id.* at 678.

allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[41]

A court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[42] Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[43] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[44] In addition, a court may consider matters of which judicial notice may be taken.[45]

### IV. Analysis

A. **Whether the Eleventh Amendment Bars Plaintiff's Claims Against the State of Louisiana and Moving Defendants in Their Official Capacities**

Moving Defendants argue that all claims against the State of Louisiana and against Moving Defendants in their official capacities must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) based on the Eleventh Amendment's grant of sovereign immunity.[46] In opposition, Plaintiff does not address Moving Defendant's argument regarding sovereign immunity.

The Supreme Court has interpreted the Eleventh Amendment to bar suits in federal court

---

[41] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[42] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[43] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[44] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

[45] *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)

[46] Rec. Doc. 12-1 at 1–2.

by private citizens against nonconsenting states.[47] This immunity extends to protect state officers acting in their official capacities, who, under the principle of state-sovereign immunity, are generally immunized from suit.[48]

In the Complaint, Plaintiff seeks monetary relief against the State of Louisiana, Davis in his official capacity, Collins in her "personal capacity and/or official capacity," and Kilcrease in her "personal capacity and/or official capacity."[49] Plaintiff identifies Davis as the "Superintendent of the Louisiana State Police," Collins as "an employee of the State of Louisiana," and Kilcrease as "an employee of the State of Louisiana."[50] In addition to precluding suit against the State of Louisiana, sovereign immunity bars any claim for monetary damages against Davis, Collins, and Kilcrease in their official capacities as it is a claim against the State.[51] Accordingly, the Court must dismiss Plaintiff's claims for monetary damages against the State of Louisiana, Davis in his official capacity, Collins in her official capacity, and Kilcrease in her official capacity.[52]

B. **Whether Plaintiff's Individual Capacity Claims Against Collins and Kilcrease Should be Dismissed**

   1. **Plaintiff's Claims Against Collins and Kilcrease for Violations of the Fifth Amendment to the United States Constitution**

In the Complaint, Plaintiff alleges a Section 1983 claim against Defendants for

---

[47] *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

[48] *Edelman v. Jordan*, 415 U.S. 651, 663–69 (1974); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (finding that "the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities").

[49] Rec. Doc. 1-1 at 3–4.

[50] *Id.*

[51] *See Smart v. Holder*, 368 F. App'x. 591, 593 (5th Cir. 2010).

[52] It does not appear that Plaintiff is seeking declaratory or injunctive relief against these Defendants.

"deprivation of the right to property under the Fifth Amendment to the United States Constitution."[53] Moving Defendants argue that Plaintiff states no viable claim against Collins or Kilcrease under the Fifth Amendment because Collins and Kilcrease are not federal employees.[54] Plaintiff does not address this argument in opposition. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."[55] Plaintiff does not claim that Collins or Kilcrease are federal actors. Accordingly, Plaintiff's Fifth Amendment due process claims against Collins and Kilcrease must be dismissed.

### 2. Plaintiff's Claims Against Collins and Kilcrease for Violations of the Fourteenth Amendment to the United States Constitution

In the Complaint, Plaintiff alleges Section 1983 claims against Defendants for "deprivation of liberty and property" and "deprivation of substantive and procedural due process" under the Fourteenth Amendment to the United States Constitution.[56] Moving Defendants argue that Plaintiff fails to state a claim under the Fourteenth Amendment against Collins and Kilcrease because Plaintiff "identifies no property interest of which she was deprived by Collins or Kilcrease" and "identifies no process that was due from Collins or Kilcrease."[57] In the alternative, Moving Defendants contend that Collins and Kilcrease are entitled to qualified immunity from Plaintiff's Section 1983 claims against them in their individual capacities.[58] In opposition, Plaintiff argues that the Complaint adequately states claims under the Fourteenth Amendment

---

[53] Rec. Doc. 1-1 at 13.

[54] *Id.* at 10.

[55] *Ristow v. Hansen*, 719 F. App'x 359, 364 (5th Cir. 2018) (internal quotation omitted).

[56] Rec. Doc. 1-1 at 11–12.

[57] *Id.* at 6–8.

[58] *Id.* at 8–9.

against Moving Defendants because Plaintiff "had a property interest in attending school, gaining employment, amongst other things."[59] In addition, Plaintiff argues that Collins and Kilcrease are not entitled to qualified immunity because they were aware of Plaintiff's inaccurate criminal record and the resulting constitutional violations.[60]

To allege a valid Fourteenth Amendment claim for deprivation of property in violation of substantive or procedural due process, a plaintiff must have a protected property interest.[61] "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[62] In the context of employment, a property interest arises "only when a legitimate right to continued employment exists."[63] "State law controls the analysis of whether [an employee] has a property interest in his employment."[64]

In an at-will employment state like Louisiana, "a worker may be terminated for good reason, wrong reason, or no reason at all."[65] An employee is presumed to be at will and must show that the at-will presumption has been altered.[66] Here, Plaintiff does not allege that the at-

---

[59] Rec. Doc. 13 at 4.

[60] *Id.* at 6.

[61] *Perry v. Sindermann*, 408 U.S. 593, 599 (1972).

[62] *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

[63] *McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996).

[64] *Id.*

[65] *Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 547 (5th Cir. 1994). *See also Square v. Hampton*, 2013-1680 (La. App. 4 Cir. 6/4/14); 144 So. 3d 88, 96–97 (quoting *Jeansonne v. Schmolke*, 2009–1467, p. 11 (La. App. 4 Cir. 5/19/10); 40 So. 3d 347, 358); *Mederos v. St. Tammany Par. Gov't*, 2015-1602 (La. App. 1 Cir. 7/11/16); 199 So. 3d 30, 35; *Saacks v. Mohawk Carpet Corp.*, 2003–0386 (La. App. 4 Cir. 8/20/03); 855 So. 2d 359, 364; *Wusthoff v. Bally's Casino Lakeshore Resort, Inc.*, 1997–1386 (La. App. 4 Cir. 2/25/98); 709 So. 2d 913, 914.

[66] *Tolliver v. Concordia Waterworks Dist. No. 1*, No. 1998-449, p. 3–4 (La. App. 3 Cir. 2/10/99); 735 So. 2d 680, 682. *See also McDonald*, 102 F.3d at 155.

will presumption of her employment with the babysitting service Care.com was altered through contract or otherwise. In addition, Plaintiff fails to allege how she had a constitutionally-protected property interest in securing admission to nursing school or obtaining occupancy in various apartment complexes.

For these reasons, the Court finds that Plaintiff fails to state a claim upon which relief can be granted under the Fourteenth Amendment to the United States Constitution. Nevertheless, the Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[67] Short of granting a motion to dismiss, a court may grant Plaintiff leave to amend the complaint.[68] Additionally, the Fifth Circuit in *Schultea v. Wood* explained that once a defendant asserts qualified immunity, a district court may order the plaintiff to submit a reply pursuant to Federal Rule of Civil Procedure 7(a)(7) after evaluating the complaint under the ordinary pleading standard.[69] Therefore, the Fifth Circuit has generally found that, when faced with a motion to dismiss, a district court ought to allow a plaintiff to file a Rule 7(a)(7) reply before dismissing a case on the basis of qualified immunity.[70] Pursuant to *Schultea*, this reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations."[71] Accordingly, considering this precedent, the Court will deny the motion to dismiss to the extent it seeks dismissal of the individual capacity claims pending against Collins and Kilcrease and

---

[67] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[68] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[69] *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

[70] *See Todd v. Hawk*, 66 F.3d 320 (5th Cir. 1995) ("*Schultea* makes it clear that this two-step process—requiring the plaintiff to file a short and plain statement of his claim pursuant to Rule 8(a)(2) followed by a more particularized reply pursuant to Rule 7—is the preferred procedure preceding consideration of a motion to dismiss on grounds of qualified immunity.").

[71] *Schultea*, 47 F.3d at 1433.

grant Plaintiff leave to amend the Complaint to allege facts "tailored to an answer pleading the defense of qualified immunity."[72]

### 3. Plaintiff's Claims Against Collins and Kilcrease for Violations of State Law

In the Complaint, Plaintiff alleges violations of "the Constitution and laws of the State of Louisiana, particularly, but not exclusively, [Louisiana Civil Code articles] 2315, 2316, 2317, and 2320."[73] Because it is well settled that the due process protections afforded by the Louisiana Constitution are equivalent to those afforded by the Fourteenth Amendment to the United States Constitution,[74] for the reasons set forth above, the Court will provide Plaintiff with an opportunity to amend the Complaint to adequately state a claim under the Louisiana Constitution.

The remaining Louisiana Civil Code articles cited in the Complaint pertain to delictual action.[75] Article 2315 of the Louisiana Civil Code establishes a general cause of action for negligence: "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[76] In determining whether to impose liability under Article 2315, Louisiana courts employ a duty-risk analysis, whereby a plaintiff must establish the following five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's

---

[72] *Id.* at 1433.

[73] Rec. Doc. 1-1 at 13.

[74] *Progressive Sec. Ins. Co. v. Foster*, 97-2985, p. 21 (La. 4/23/98); 711 So. 2d 675, 688 ("Unlike Louisiana's provision on equal protection which is distinct from that provided in the Fourteenth Amendment, our due process guarantee in La. Const. Art. I, § 2 does not vary from the Due Process Clause of the Fourteenth Amendment to the United States Constitution.").

[75] Article 2315 is Louisiana's general tort statute. Article 2316 provides that any person is responsible for his negligence. Article 2317 provides tort liability for damages caused by agents or things in the custody of individuals. Article 2320 provides for vicarious liability for the acts of employees.

[76] La. Civ. Code art. 2315.

substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).[77]

"A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."[78]

In the instant motion, Moving Defendants argue that the Complaint does not identify any specific duty that Collins or Kilcrease owed to Plaintiff or how either Collins or Kilcrease breached such a duty.[79] In opposition, Plaintiff argues that "Collins and Kilcrease owed a duty to the Plaintiff to cease/prevent the continuous violation from reoccurring." In the Complaint, however, Plaintiff does not allege any specific duty owed to Plaintiff by Collins and Kilcrease. Rather, Plaintiff merely alleges that she contacted Collins, who put Plaintiff in contact with Kilcrease, who informed Plaintiff that "once JPSO sends [the Louisiana State Police] the required correction form that [Kilcrease] would remove the felony conviction from her record."[80] Plaintiff also alleges that Kilcrease told Plaintiff to come to Baton Rouge to be fingerprinted.[81] Without more specific allegations regarding the duty owed to Plaintiff by Collins and Kilcrease or a breach of that duty, the threadbare recital of Louisiana Civil Code articles is insufficient to state a claim upon which relief can be granted. However, as discussed above, the Court will provide Plaintiff with an opportunity to amend the Complaint to address the aforementioned deficiencies in Plaintiff's state law tort claims.

---

[77] *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008); *Lemann v. Essen Lane Daiquiris*, No. 2005–1095, p. 7 (La. 2006); 923 So. 2d 627, 633; *Long v. State ex rel. Dep't of Transp. & Dev.*, No. 2004–0485, p. 21 (La. 2005); 916 So. 2d 87, 101.

[78] *Mathieu v. Imperial Toy Corp.*, 94-0952, p. 11 (La. 1994); 646 So. 2d 318, 321.

[79] Rec. Doc. 12-1 at 10.

[80] *Id.* at 7.

[81] *Id.* at 8.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by the State of Louisiana, Davis, Collins, and Kilcrease[82] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that the State of Louisiana, Davis, Collins, and Kilcrease seek dismissal of Plaintiff's claims for monetary damages against the State of Louisiana, Davis in his official capacity, Collins in her official capacity, and Kilcrease in her official capacity. The dismissal of these claims is without prejudice.[83]

**IT IS FURTHER ORDERED** that the Motion is **GRANTED** to the extent that the State of Louisiana, Davis, Collins, and Kilcrease seek dismissal of Plaintiff's Fifth Amendment due process claims against Collins and Kilcrease.

**IT IS FURTHER ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE** in all other respects.

---

[82] Rec. Doc. 12.

[83] *See Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

**IT IS FURTHER ORDERED** that Plaintiff Alexis Lisette Washington is granted leave to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendants are granted leave to file responsive motions if necessary.

**NEW ORLEANS, LOUISIANA**, this __30th__ day of July, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**